**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　Plaintiff, )<br>vs. )<br>　 )<br>PAUL D. GAETA, )<br>　　　Defendants. )<br>_____ ) | No. CR 06-1954-TUC-CKJ (JCG)<br><br>**ORDER** |

Pending before the Court are the parties' motions in limine. The parties presented argument to the Court on August 19, 2008.

*Government's Motion in Limine to Preclude Experts and Report and Recommendation*

Defendant seeks to present testimony of New York attorneys and the Report and Recommendation issued in the case. The government seeks to have this evidence precluded. Attorney Jim Allen is expected to testify about the applicable law in this case. The government asserts that, not only would the testimony be incorrect, but:

> [i]t is well settled that the judge instructs the jury in the law. Experts interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations."

1  *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999), *citations omitted.* Similarly, admission or discussion of the Report and Recommendation would present legal interpretation. These issues are within the province of the Court, not the jury.

Moreover, such evidence is not relevant. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. As Defendant argues, the issue for the jury to determine is his subjective intent. Whether that subjective intent was reasonable is not at issue. The proposed expert testimony and/or the Report and Recommendation only address a "reasonable" intent which is not a fact of consequence to the determination. Expert opinions about whether Defendant was legally correct are not relevant at trial because Defendant was not aware of the opinions at the time he is alleged to have committed the offenses. The Court will grant the motion in limine as to Mr. Allen's testimony and the Report and Recommendation.

Attorney Stephen Pusatier, as a custodian of records, is expected to testify that his law firm represented Defendant in 1978 and regarding the advice given to Defendant by his deceased partner. The government asserts in its original motion that such evidence is not relevant because Defendant is not entitled to an advice of counsel instruction.[1] Whether Defendant acted wilfully is an element that must be proved by the government. The theory of Defendant's defense is that he did not act wilfully because he thought that he was complying with New York law. Whether Defendant is entitled to an advice of counsel instruction or not, evidence as to the basis of Defendant's belief is relevant. Furthermore, such evidence is not being offered for the truth of the matter asserted under Fed.R.Evid. 801(c), but to show Defendant's state of mind. Therefore, such evidence is not hearsay. The Court will deny the government's motion in limine as to Mr. Pusatier.

---

[1] In her Reply and during oral argument, counsel indicated that she wished to wait until the presentation of evidence to determine if she would object to an advice of counsel jury instruction.

*Buffalo City Court Charging Documents*

The government must establish that (1) Defendant made a false statement in a matter within the jurisdiction of CBP, (2) Defendant acted wilfully, that is, deliberately and with knowledge that the statement was untrue, and (3) the statement was material to the CBP's activities or decisions. The government asserts that Defendant has offered to stipulate that he has a prior felony charge and that it was material to INS and/or CBP activities or decisions in exchange for the government not introducing the nature of the felony. The government has declined to accept this stipulation. The government asserts that the nature of the felony charge is relevant and admissible and is a necessary element of the government's case.

The government acknowledges that the United States Supreme Court, in *Old Chief v. United States*, 519 U.S. 172, 191-92 (1997), found that the risk of unfair prejudice substantially outweighed the probative value of the nature of the offense in a possession of a firearm by a felon case. *See*, Fed.R.Evid. 403. The government distinguishes *Old Chief* because it was the nature of the offense in this case that provided the motive to Defendant. Specifically, the government argues that the nature of the charge is relevant to Defendant's motive, which may show intent. *See e.g., United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (other act evidence may be allowed to show motive when motive is relevant to establish an element of the offense).

During argument on August 19, 2008, counsel for the government indicated that the admission of the evidence was needed to show wilfullness and the efforts Defendant made to ensure that the information was not available to the public. Counsel indicated that the evidence was needed to show materiality; this assertion has been confirmed by counsel's August 21, 2008, correspondence.[2]

Defendant asserts, however, that the prejudicial value of the evidence substantially outweighs any probative quality of the evidence. *See* Fed.R.Evid. 403 (relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair

---

[2]The Clerk of the Court will be directed to file the August 21, 2008, correspondence.

prejudice"). "Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice." *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990). Indeed,

> [r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see also United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case."). Unfair prejudice "mean an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Adv. Comm. Notes; *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650 (1997).

However, "[p]otentially devastating evidence of little or no relevance [has] to be excluded under Rule 403." *LeMay*, 260 F.3d at 1027; *see also United States v. Cruz*, 343 F.Supp.2d 226, 232 (A.D.N.Y.2d 2004) (underlying nature of historic offenses more sensational and disturbing than current crime and facts were not similar; therefore, evidence was excluded); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2nd Cir. 1990) (other act evidence admissible because it was not more sensational or disturbing that current crimes). The facts behind the felony charge are potentially devastating. In balancing the "strong prejudicial qualities" and the "significant probative value" of the evidence, the Ninth Circuit has articulated several factors to evaluate. *Id.* The Court notes, however, that *LeMay* involved the admission of other acts of sexual misconduct in a case involving a charge of sexual misconduct. Nonetheless, the Court considers these factors in weighing the probative value and unfair potential prejudice.

> These factors are: (1) "the similarity of the prior acts to the acts charged," (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence or lack of intervening circumstances," and (5) "the necessity of the evidence beyond the testimonies already offered at trial."

*LeMay*, 260 F.3d at 1028, *citations omitted.* Here, the facts behind the felony charge are not similar or close in time to the current charges. Moreover, the documentation submitted for *in camera* review include allegations of sexual misconduct with other victims other than the one involved in the 1978 felony charge. The government asserts that the circumstances in the years between the felony charge and the alleged false statements may show Defendant's efforts to continue to hide the felony charge. Defendant asserts this conduct shows Defendant continued to ensure that he could continue to rely on the New York "sealing" statute. The Court also considers that the government is not arguing that this is the only method to prove materiality. However, the Court considers that the United States Supreme Court stated:

> [T]he most obvious reason that the general presumption that the prosecution may choose its evidence is so remote from application here is that proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense.

*Old Chief*, 519 U.S. at 191. Contrary to the situation in *Old Chief*, evidence of the nature of the felony charge in this case goes to an element that is **within** the natural sequence of what Defendant is charged with thinking and doing to commit the current crimes. However, the Court also considers that the nature of the 1978 felony is much more sensational than the current charges. The Court finds the probative value of the evidence to show the element of materiality is substantially outweighed by the prejudicial effect. The motion in limine will be denied as to the admissibility of this evidence to show the materiality of Defendant's statements to the agency.

*Other Acts/Inextricably Intertwined Evidence*

However, because the government also asserts that the evidence is relevant to the motive of Defendant, the Court finds that an "other act" analysis is appropriate.[3] In conducting such an analysis, the Court first considers that such evidence is inextricably intertwined with the crime charged; therefore, it is not considered "other acts" evidence.

---

[3]The government has filed a Notice of Intention to Use 404(b) Material. Defendant objects to the use of the evidence under Fed.R.Evid. 404(b).

1  "Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."*United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), *quoting United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

The nature of the felony charge is a necessary fact for the government's theory of the case. The government asserts that Defendant was attempting to hide the discovery of the prior charge because of the stigma attached to the nature of the charge and to prevent any investigation into the time period when Defendant was working with underage children. The facts are necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crimes charged in this case.

Even if the facts behind the charge were not inextricably intertwined with the crimes charged in this case, the facts would qualify as other act evidence. Although evidence of other acts is not admissible to prove the character of an individual to show he or she acted in conformity therewith, evidence of other acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed.R.Evid. 404(b). "Evidence is admissible under these exceptions if it: (1) tends to prove a material element of the crime; (2) is similar to a charged offense; (3) is supported by sufficient evidence; and (4) is not too remote in time." *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003). The Court notes that similarity is not always required. *See e.g., United States v. Arambula-Ruiz*, 987 F.2d 599 (9th Cir. 1993).

The other act evidence is "consistent with the government's theory of the case that [Defendant] had a motive for submitting [false answers] to conceal his [past] and to avoid an explanation of [his past]. The use of this evidence to prove motive [is] proper." *United States v. Wales*, 977 F.2d 1323, 1326 (9th Cir. 1992). Furthermore, in light of the circumstances of the offenses in this case (i.e., the alleged falsities involve failing to disclose the 1978 charge), the Court finds the other acts are not too remote in time.

- 6 -

1    Defendant also argues the Fed.R.Evid. 403 would preclude the admission of the other
2 act evidence. The Court again considers the factors as set out in *LeMay*. Here, the other acts
3 are not similar and are not close in time to the charged crimes. Moreover, the documentation
4 submitted for *in camera* review include allegations of sexual misconduct with other victims
5 other than the one involved in the 1978 felony charge. The government asserts that the
6 circumstances in the years between the felony charge and the alleged false statements may
7 show Defendant's efforts to continue to hide the felony charge. Defendant asserts this
8 conduct shows Defendant continued to ensure that he could continue to rely on the New York
9 "sealing" statute. However, in seeking to present a motive to the jury, this evidence is
10 necessary to support the government's theory of the case. Although the historical charge is
11 more sensational than the current charges, the probative value of the evidence to show motive
12 is strong. In determining whether the probative value is substantially outweighed by any
13 unfair prejudice, the Court also considers that evidence of the deferred prosecution, the
14 successful completion of the deferred prosecution, and the ultimate dismissal of the felony
15 charge minimizes the potential prejudice. The Court finds the potential prejudice does not
16 substantially outweigh the probative value of the evidence. *See e.g.*, *Nguyen v. McGrath*, 323
17 F.Supp.2d 1007 (N.D.Cal. 2004) (admission of evidence that defendants were members of a
18 gang provided motive for crime; potential for prejudice of gang-affiliated evidence did not
19 outweigh probative value).

20    However, the Court finds it is appropriate to limit the evidence related to the nature of
21 the 1978 felony charge. The Court finds it is appropriate to discuss the limitations with
22 counsel and will schedule this matter for a hearing. *See e.g., United States v. Curtin*, 489 F.3d
23 935, 958 (9th Cir. 2007).

24

25 *Character Witnesses*

26    The government asserts that Defendant will be calling two character witnesses and
27 requests the Court to limit the testimony. Generally, character evidence is limited:

28

- 7 -

> (a) Character evidence generally. – Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>> (1) Character of accused. – In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same[.]"

Fed.R.Evid. 404. The government acknowledges that Defendant's reputation for truthfulness, veracity, and "law abindingness" are relevant. *In re Sealed Case*, 352 F.2d 409, 412 (D.C. Cir. 2003); *United States v. Diaz*, 961 F.2d 1417 (9th Cir. 1992). Defendant has indicated that, while he will present character evidence of truthfulness and veracity, he will not be presenting any evidence of law abidingness.

The government further asserts that such evidence submitted by Defendant may only be proved by reputation and opinion evidence and not specific instances of conduct:

> (a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> (b) Specific instances of conduct. In such cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Fed.R.Evid. 405. Fed.R.Evid. 405(b) "is applied in those instances in which 'character is in issue in a strict sense, which occurs where a material fact that under the substantive law determines rights and liabilities of the parties, such as plaintiff's reputation for honesty in a defamation action." *United States v. Piche*, 981 F.2d 706, 713 (4th Cir. 1992), *internal quotations omitted).*

The Court finds that the honesty and veracity of Defendant is an essential element of the charge. *See e.g., United States v. Manos*, 848 F.2d 1427 (7th Cir. 1988) (in bribery case, parties did not question whether honesty was an essential element); *United States v. Beros*, 833 F.2d 455, 463 (3rd Cir. 1987) (in embezzling case, court stated that it "cannot be disputed that [defendant's] character and honesty were central issues to his case). Therefore, Defendant may present testimony regarding specific instances of conduct.

The government asserts that, should Defendant present evidence of veracity, it should be able to cross-examine the character witnesses with specific instances of conduct. The government asserts that it must show that the specific acts of which it seeks to cross-examine

- 8 -

1  are relevant and there is a good faith basis for the questions. *United States v. West*, 58 F.3 133,
2  141 (5th Cir. 1995). The government seeks to use the specific instances of conduct relating
3  to sexual conduct with a minor. The Court finds that such specific instances of conduct do
4  not go to the honesty or veracity of Defendant. The specific instances of conduct may go to
5  law abidingness, but Defendant will not be presenting evidence of such a character trait. The
6  Court, therefore, will deny this motion in limine.

7  The government also seeks to present rebuttal witnesses if Defendant places his
8  character in issue. The government asserts that its witnesses would present testimony that
9  Defendant's reputation in the community is for dishonesty and as a criminal. The documents
10 submitted by the government for *in camera* review indicate Defendant's reputation for
11 dishonesty is based on the same specific instances of conduct that do not go to honesty or
12 veracity. The motion in limine will be denied.

14 *Job Performance and Non-Corrupt Conduct*

15 The government asserts that Defendant may call his most recent supervisor, Roger
16 Wheaton, to testify regarding Defendant's job performance. The government asserts that
17 whether Defendant adequately performed his job as a CBPO and fulfilled his role as a law
18 enforcement officer is not admissible. *United States v. Nazzarao*, 889 F.2d 1158, 1168 (1st
19 Cir. 1989) (traits of attention to duties as a police officer, bravery and community spirit not
20 relevant to prosecution fo police officer for mail fraud and perjury); *United States v.*
21 *Washington*, 106 F.3d 983, 999 (D.C.Cir. 1997) (defendant police officer's "dedication,
22 aggressiveness and assertiveness" in investigating drug dealing and carjacking not "pertinent"
23 character traits under Fed.R.Evid. 404(a)(1)); *United States v. Scholl*, 166 F.3d 964, 975 (9th
24 Cir. 1999) (fact that defendant judge adequately fulfilled the duties of his judgeship not
25 relevant to prosecution for filing false tax return). Defendant indicates that he will not be
26 presenting such evidence. The motion in limine will be granted.

*Possible Penalties*

The government requests that Defendant be precluded from introducing evidence, making argument, or otherwise mentioning potential penalties. *Shannon v. United States*, 114 S.Ct. 2419, 2224 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"). Defendant does not object to this request. This motion in limine will be granted.

*Jury Nullification*

The government requests that Defendant be precluded from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification because a defendant does not have a right to seek jury nullification. *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991). Defendant does not object to this request. This motion in limine will be granted.

*Wendy Lockwood*

Defendant seeks to preclude government witness Wendy Lockwood from testifying regarding anything unrelated to relevant court documents. The government appears to be arguing that some of this information may be relevant to its theory of the case as to motive. The Court, therefore, will discuss with counsel any limitations on Ms. Lockwood's testimony at the hearing to be scheduled by the Court.

*William Turner and Janet Hopkins*

Based on Ms. Feldmeier's statement during the August 19, 2008, hearing, that the background investigators will not testify as to the materiality of the charge, Defendant has no objection to their testimony. The motion in limine will be denied as moot.

*Kimberly Lew*

Based on Ms. Feldmeier's statement during the August 19, 2008, hearing, that Ms. Lew will testify to general procedures and standards, Defendant has no objection to her testimony. The motion in limine will be denied as moot.

Accordingly, IT IS ORDERED:

1. The government's motion in limine [Doc. # 80] is GRANTED IN PART AND DENIED IN PART.
2. Defendant's motion in limine [Doc. # 85] is DENIED AS MOOT.
3. Attorney Jim Allen is precluded from testifying as an expert.
4. The November 26, 2007, Report and Recommendation may not be admitted as an exhibit at trial.
5. The nature of the underlying 1978 felony charge is admissible for the limited purpose of showing motive.
6. Because Defendant is only presenting character witnesses as to the traits of honesty and veracity, the government's cross-examination and rebuttal witnesses are limited to those character issues. Because the specific instances regarding the sexual misconduct do not go to honesty or veracity, the government may not cross-examine or present rebuttal witnesses as to those specific instances of conduct.
7. The motions in limine as to job performance, non-corrupt conduct, possible penalties, and jury nullification are GRANTED.
8. This matter is scheduled for hearing on August 22, 2008, at 1:00 p.m.
9. The Clerk of the Court shall file the August 21, 2008, correspondence.

DATED this 21st day of August, 2008.

_____
Cindy K. Jorgenson
United States District Judge